Professional Corporation, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Ernesto H. Molina, Jr., Margaret K. Taylor, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, PAEZ, and BERZON, Circuit Judges.

MEMORANDUM **

Balwant Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order denying as untimely his motion to reopen removal proceedings. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review for abuse of discretion, *see Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir.2005), and we deny in part and dismiss in part the petition for review.

The BIA acted within its discretion in denying Singh's motion to reopen as untimely because Singh filed his motion almost two years after the BIA's decision. *See* 8 C.F.R. § 1003.2(c)(2) (motion to reopen must be filed within ninety days of BIA's decision). Furthermore, without deciding whether polygraph tests are admissible, we note that the polygraph test

results Singh submitted could have been procured within the time limit for filing a motion to reopen.

Singh's "miscarriage of justice" argument is unavailing because he has failed to show the BIA erred in denying his motion to reopen as untimely. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (explaining that petitioner must show error to prevail on a due process challenge).

We lack jurisdiction to review Singh's contention that the BIA should have sua sponte granted his motion to reopen despite its untimeliness, because the decision of the agency whether to invoke its sua sponte authority is committed to its unfettered discretion. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir.2002) (internal citations omitted).

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**

**FUZHEN WANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75852.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted June 12, 2006.*

Decided June 16, 2006.

Melanie M. Yang, Esq., Law Offices of Melanie M. Yang, Monterey Park, CA, for Petitioenr.

CAC-District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department Of Homeland Security, San Francisco, CA, Seth A. Grossman, N. Christopher Hardee, United States Dept of Justice Antitrust Division, Washington, DC, for Respondent.

Before: KLEINFELD, PAEZ and BERZON, Circuit Judges.

## MEMORANDUM **

Fuzhen Wang, a native and citizen of China, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's order denying her application for withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *see Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001), and we grant the petition for review and remand for further proceedings.

The BIA rejected the IJ's adverse credibility finding and determined that Wang failed to establish a clear probability of future persecution. However, the BIA failed to determine whether Wang suffered past persecution. *See Baballah v. Ash-* *croft,* 367 F.3d 1067, 1079 (9th Cir.2004) (past persecution generates a presumption of eligibility for withholding of removal). Accordingly, we grant the petition for review and remand for the BIA to determine whether Wang demonstrated past persecution and for any further proceedings as appropriate.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

